IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-633-BO

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ALCOA POWER GENERATING, INC., | ) | |
| Defendant. | | |

This cause comes before the Court on a motion by the Yadkin Riverkeeper to intervene as

a plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiff State of North

Carolina has not responded to the motion and defendant Alcoa Power Generating opposes it. For

the reasons discussed below, the motion to intervene is granted.

BACKGROUND

The State filed this declaratory judgment action in Wake County Superior Court seeking a

declaration that, *inter alia*, the submerged bed of a segment of the Yadkin River is the sole and

exclusive property of the State of North Carolina, held by the State in trust for the people of the

State. Alcoa Power Generating (Alcoa) removed the action to this Court on the basis of its federal

question jurisdiction. While the action was still pending in state court, the Yadkin Riverkeeper

(the Riverkeeper) moved to permissively intervene as a plaintiff. As bases for permissive

intervention, the Riverkeeper states that its claims in a separate proceeding against Alcoa are

based in common questions of law and fact, that its particularized focus and expertise will assist

the Court in resolving questions of law, and that no delay or prejudice would result from

permitting the Riverkeeper to intervene. The Riverkeeper contends that the State is the sole and

exclusive owner of the relevant portions of submerged Yadkin River bed, and that its presence as an intervenor plaintiff would protect this interest should the State's position change during the course of this litigation.

## DISCUSSION

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that a court may permit a party who has a claim or defense that shares with the main action a common question of law or fact to intervene upon a timely motion. Permissive intervention does not require that the intervenor have a direct personal or pecuniary interest in the litigation, *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 459 (1940), and it is within this Court's discretion to grant or deny a motion for permissive intervention. *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

The Riverkeeper has demonstrated that it should be allowed to intervene as a plaintiff in this action. The Riverkeeper's motion is timely as it was filed prior to Alcoa's appearance as a defendant in this suit. The Riverkeeper has demonstrated that it has a claim that shares a common question of law with the instant suit – that is, whether or not the State is the rightful and exclusive owner of certain segments of the Yadkin River bed. The Riverkeeper has advanced the position that the State *is* the exclusive owner in ongoing litigation challenging the North Carolina Division of Water Quality's issuance of a Clean Water Act 401 Certification to Alcoa. [DE 9-1 at 72-76]. That matter, proceeding before the North Carolina Office of Administrative Hearings, is now stayed.

Nor would there be any undue delay or prejudice should the Riverkeeper be permitted to intervene. As noted above, the Riverkeeper sought intervention in the early stages of this action,

2

and has interests that are at this time aligned with, though may not be fully represented by, the

State's. Finally, the Court agrees that the Riverkeeper's experience in litigating the question

forming the basis of this suit may serve to aid in judicial economy. It is for these reasons that the

Court, in its discretion, allows the Riverkeeper to intervene as a plaintiff in this action.

## CONCLUSION

Accordingly, the Yadkin Riverkeeper's motion to intervene [DE 9] is hereby GRANTED.

SO ORDERED, this $\underline{28}$ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3