IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-633-BO

| | |
|---|---|
| STATE OF NORTH CAROLINA, by and through its agency, the NORTH CAROLINA DEPARTMENT OF ADMINISTRATION,<br>    Plaintiff,<br><br>v.<br><br>ALCOA POWER GENERATING, INC.,<br>    Defendant. | **ORDER** |

This matter comes before the Court on defendant Alcoa's motions to strike the affidavits of plaintiff North Carolina's witnesses John Orth, James Seay, Dennis Lee, and Larry Tise, [D.E. 98, 110], and North Carolina's motion to strike the declaration of Alcoa's witness Gayle R. Klein [D.E. 112]. Alcoa's motions are DENIED, and accordingly, plaintiff's motion is DENIED AS MOOT.

Alcoa asks the Court to strike the affidavits of plaintiff's witnesses James Seay, Dennis Lee, and Larry Tise because they were submitted after the expiration of the expert deposition deadline, or in the alternative deny or defer North Carolina's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(d). By order dated September 5, 2014, the Court granted the parties' joint motion to modify the scheduling order and provided time for defendant to depose North Carolina's rebuttal expert witnesses. The Court therefore finds that the Seay, Lee, and Tise reports should not be stricken, nor should plaintiff's motion for summary judgment be denied or deferred on this basis.[1] *See also Martinez-Hernandez v. Butterball*, LLC,

---

[1] The Court notes that it did not rely on these affidavits in denying Alcoa's motion for summary judgment on the issue of non-navigability.

No. 6:07-CV-174-H, 2010 WL 2089251, at *12 (E.D.N.C. May 21, 2010) (relying on Rule 26(a)(2)(C)(ii) to permit disclosure of rebuttal expert testimony within thirty days where scheduling order is silent on the issue of expert rebuttal testimony).

Alcoa additionally urges the Court to exclude the Tise and Orth affidavits under Federal Rule of Evidence 702. Rule 702 provides that "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." Fed. R. Evid. 702. The Court serves as the gatekeeper for all expert testimony to make sure it is based on sound, reliable theory and does not constitute rank speculation. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The Court also notes that where it is also the trier of facts, it "does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013) (quoting *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006).

Larry Tise's affidavit notes that he is a historian, and in preparation for his affidavit, he consulted bibliographic sources, including "original map and document resources and guides, and, of course, print books and articles." [D.E. 97–1]. Upon review of Dr. Tise's report, the Court finds that his testimony is relevant regarding the issue of the subject waterway's navigability. John Orth's affidavit notes that he is a legal historian and includes a list of the documents he reviewed in preparation for his affidavit. [D.E. 61]. Upon review of Prof. Orth's report, the Court finds that his testimony is relevant regarding the issue of title in North Carolina. Accordingly, the Court DENIES Alcoa's motions to strike or exclude the affidavits of John Orth,

James Seay, Dennis Lee, and Larry Tise or in the alternative, to grant relief under Federal Rule of Procedure 56(d).

Plaintiff moves the Court to strike the affidavit of Gayle Klein, whose declaration was submitted in support of Alcoa's motion to strike plaintiff's experts. [D.E. 110]. As the Court denied Alcoa's motion to strike, plaintiff's motion is DENIED AS MOOT.

SO ORDERED, this __17__ day of November, 2014.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE