IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-633-BO

STATE OF NORTH CAROLINA, by and )
through its agency, the NORTH )
CAROLINA DEPARTMENT OF )
ADMINISTRATION, )
    Plaintiff, )
 )
 ) **O R D E R**
v. )
 )
ALCOA POWER GENERATING, INC., )
    Defendant. )

This matter comes before the Court on defendant Alcoa's motion to exclude plaintiff's previously undisclosed witnesses [124], plaintiff North Carolina's motion to exclude defendant's late filings [DE 133], and a motion by amicus Yadkin Riverkeeper (Riverkeeper) to take judicial notice of certain documents [136]. For the following reasons, Alcoa and North Carolina's motions to exclude are DENIED, and the Riverkeeper's motion for judicial notice is GRANTED IN PART and DENIED IN PART.

BACKGROUND

The State of North Carolina ("North Carolina" or "the State") filed this declaratory judgment action in Wake County Superior Court seeking a declaration that, *inter alia*, roughly forty miles of submerged riverbed in the Yadkin River ("the subject waterway") is North Carolina's sole and exclusive property, held by the State in trust for the people of the State. Alcoa Power Generating ("Alcoa") removed the action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441. On November 20, 2014, the Court entered an order denying Alcoa's motion for summary judgment and granting in part and denying in part

North Carolina's motion for summary judgment. [DE 142]. A pre-trial conference is scheduled for February 2, 2015. [DE 143]. Now before the Court are motions to exclude by both parties and a motion to take judicial notice of certain documents filed by amicus Yadkin Riverkeeper.

DISCUSSION

I. ALCOA'S MOTION TO EXCLUDE

Alcoa asks the Court to exclude 12 witnesses that were disclosed by plaintiff for the first time on September 12, 2014, in plaintiff's pretrial disclosures and final witness list. Alcoa relies on Rule 26(a)(1) of the Federal Rules of Civil Procedure to argue that plaintiff should have included these witnesses in its initial disclosures, which were due no later than January 10, 2014. Alcoa argues that the witnesses must be excluded pursuant to Federal Rule of Civil Procedure 37, unless the state can establish that its violation was substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

Alcoa cites the wrong provision of Rule 26, however. Rule 26(a)(1) sets forth the time for initial disclosures. This cannot also be the deadline for disclosing the identity of fact witnesses, or there would be no need for Rule 26(a)(3), which requires that the parties disclose to one another the identification of any witnesses they intend to call at trial at least 30 days before trial. Rules 26(a) and (b) are concerned with witnesses who have discoverable material and experts, respectively. The witnesses disclosed by North Carolina that are the subject of the instant motion are fact witnesses; accordingly, their disclosures is controlled by Rule 26(a)(3). The scheduling order in this case establishes a deadline for the final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) of September 12, 2014, thus North Carolina's disclosures were timely, and Alcoa's motion to exclude is DENIED. North Carolina is reminded that these witnesses are allowed to testify only as fact witnesses.

2

II.  NORTH CAROLINA'S MOTION TO EXCLUDE

North Carolina seeks to exclude five supplements to previously disclosed expert reports and one amendment to a previously disclosed expert report. The pretrial disclosure deadline was September 12, 2014, but the instant supplements and amendment were not filed by Alcoa until September 24, 2014. Accordingly, there is no dispute as to whether the documents were filed late; instead the question is whether the untimely disclosure "was substantially justified or is harmless," in which case Fed. R. Civ. P. 37(c)(1) permits a party to use untimely disclosed information. *S. States Rack & Fixture, Inc., v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). A court's analysis of whether the disclosure of evidence is substantially harmless or justified is guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; 92) the ability of that party to cure the surprise; (30 the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and 95) the nondisclosing party's explanation for its failure to disclose the evidence."

*Id.*

Each factor weighs in favor of Alcoa. While the reports were late, they were only two weeks late. Alcoa gave the State notice it would be supplementing its expert disclosures regarding title, and Alcoa tendered each expert witness to be re-deposed. Accordingly, the exclusion will not disrupt the trial, as North Carolina had the knowledge and ability to cure the surprise and a trial date still has not been set. Moreover, the evidence is very important to Alcoa, as a connected chain of title is one of the ways Alcoa intends to prove ownership. Lastly, the Court is mindful of the immense nature of the task before Alcoa's experts in reviewing title back to the date of the grant from the State or Crown. Alcoa hired a surveryor and title expert when it learned that the State claimed ownership of the riverbed and hired additional experts when it realized the

3

magnitude of the task. Accordingly, the factors of the Rule 37(c)(1) analysis weigh in favor of Alcoa, and plaintiff's motion to exclude the supplements and amendment is DENIED.

III. THE RIVERKEEPER'S MOTION TO TAKE JUDICIAL NOTICE

The last motion before the Court is a motion by the Riverkeeper to take judicial notice of the following documents: 1) a brief written by Alcoa's predecessor in a 1941 court case out of the Southern District of New York; 2) four separate Acts passed by the North Carolina legislature between 1790 and 1796; 3) the 1776 Constitution of North Carolina; and 6) the 1776 North Carolina Declaration of Rights. [DE 136]. Alcoa argues that an amicus may not submit evidence to the Court, but this argument fails. In many cases, amici have been permitted by courts to file motions for judicial notice. *See, e.g. Winfrey v. McDaniel*, 487 F. App'x 331, 332 n. 3 (9th Cir. 2012); *but see Smith v. Pinion*, No. 1:10-CV-29, 2013 WL 3895035 (M.D.N.C. Jul. 29, 2013) (noting that an amicus "should not be accorded the right to present evidence or otherwise participate in an adversarial fashion."). Moreover, Federal Rule of Evidence 201, not the status of a party or amicus, governs notice of adjudicative facts.

Rule 201 provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." An adjudicative fact is a fact "concerning the immediate parties—who did what, where, when, how, and with what motive or intent." Fed. R. Evid. 201 advisory committee's note (quoting 2 Kenneth C. Davis, *Administrative Law Treatise* at 353 (1958)). When a party seeks judicial notice of the

4

meaning of a document, the meaning of the document must be relevant and not subject to reasonable dispute. *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009); *U.S. v. LaRouche,* 4 F.3d 987, 1993 WL 358525 at *4, (4th Cir. Sept. 13, 1993); *Smith v. Pinon,* No. 1:10-CV-29, 2013 WL 3895035 at *1 (M.D.N.C. Jul. 29, 2013). "[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

With one limited exception, the documents which the Riverkeeper wants the Court to notice are not facts within the meaning of Rule 201. While there may be no dispute as to the existence of the documents proffered as judicially noticeable, the same cannot be said for the meaning of these documents, and it is the meaning of the documents that the Riverkeeper seeks the Court to notice. Instead of proffering specific facts concerning the parties to this case as judicially noticeable, the documents submitted are not immediately relevant to this case. Instead, their relevance is subject to interpretation, and accordingly, they are subject to reasonable dispute. The Court therefore declines to notice them.

The lone exception is the portion of the 1941 brief pertaining to the navigability of the Yadkin River. As set forth in its earlier Order [DE 142], the fact that the brief describes the Yadkin project as affecting a navigable waterway is a fact concerning the parties that is not subject to interpretation and is relevant to the parties' prior representations of the subject waterway's navigability. Accordingly, the Court takes judicial notice of the fact that Alcoa's brief in that case states that the "Yadkin project affects a navigable waterway" for the limited purpose of establishing that it would be

5

unwise to give controlling weight to either party's prior arguments regarding the subject waterway's navigability. *United States of America v. Aluminum Company of America*, 44 F. Supp. 97 (S.D.N.Y 1941). Therefore, the Riverkeeper's motion is GRANTED IN PART and DENIED IN PART.

## CONCLUSION

For the foregoing reasons, Alcoa and North Carolina's motions to exclude [124, 133] are DENIED, and the Riverkeeper's motion for judicial notice [136] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this __14__ day of January, 2015.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE