IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-633-BO

| | |
|---|---|
| STATE OF NORTH CAROLINA, by and through its agency, the NORTH CAROLINA DEPARTMENT OF ADMINISTRATION,<br>Plaintiff,<br><br>v.<br><br>ALCOA POWER GENERATING, INC.,<br>Defendant. | **ORDER** |

This matter comes before the Court on defendant Alcoa's motion to exclude the supplemental expert report of plaintiff's rebuttal expert, James Seay, Jr. [DE 151]. In support of its motion, Alcoa argues that the report was untimely disclosed in violation of Federal Rule of Civil Procedure 26(e)(2), and therefore should be excluded pursuant to Rule 37(c)(1).

Rule 26 provides that supplements to disclosures must be provided in a timely manner. Fed. R. Civ. P. 26(e)(1)(A). With regard to expert reports, a party has a duty to supplement a materially incomplete report or deposition testimony by the time pretrial disclosures are due under Rule 26(a)(3). Fed. R. Civ. P. 26(e)(2). Failure to comply with the Rule 26 requirements may result in sanctions under Rule 37, which provides that the non-disclosing party is not permitted to use the information or witness at trial unless the failure to disclose or properly supplement was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). When addressing a request to exclude under Rule 37, a court considers

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would

disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Pretrial disclosures were due on January 12, 2015, but the parties agreed that supplemental reports could be disclosed by January 26, 2015. The State served Mr. Seay's amended report on January 30, 2015. While the State's disclosure was weeks after the pretrial disclosure deadline, it was a mere four days after the parties' agreed-upon deadline. The State represents that on September 12, 2014, the date the pretrial order was originally due, Alcoa served on it 88 new and amended opinions, and that on November 4, 2014, Alcoa served supplements consisting of 41 new and amended opinions. The State also represents that it was unclear from defendants' title opinions whether their reports were complete, and the State only concluded that the reports were complete during the first week in January. The Court is mindful of the complicated nature of the documents and issues in this case, and the immense task before the experts in reviewing titles back to the date of the grant from the State or Crown, as it noted when it allowed Alcoa's untimely reports. [DE 145]. Accordingly, the Court finds that the untimely submission was substantially justified due to the plethora of documents that Mr. Seay had to review in a short period of time and the confusion over the status of defendants' reports.

Moreover, the untimely filing is harmless. Mr. Seay's rebuttal report, which was timely served in October, 2014, reserved the right to revise and amend. The current report is not comprised entirely of new material, as it includes and restates the previous reports. Thus, any surprise to Alcoa is minimal. As the report was disclosed on January 30, 2015, more than 70 days before the trial's scheduled start date of April 21, 2015, Alcoa had a reasonable opportunity to cure any surprise. Inclusion of the report will not disrupt the trial. Lastly, Alcoa received the

2

supplement report on January 30, 2015, but did not file the instant motion until March 2, 2015, which weighs in favor of a finding of harmlessness.

Accordingly, the factors of the Rule 37(c)(1) analysis weigh in favor of the State, and Alcoa's motion to exclude is DENIED.

SO ORDERED, this ⟶2⟵ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE