IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-633-BO

| | |
|---|---|
| STATE OF NORTH CAROLINA, by and through its agency, the NORTH CAROLINA DEPARTMENT OF ADMINISTRATION,<br>Plaintiff,<br><br>v.<br><br>ALCOA POWER GENERATING, INC.,<br>Defendant. | **O R D E R** |

This matter comes before the Court on Alcoa's motion for an order establishing that plaintiff North Carolina bears the burden of proof on navigability. [DE 162]. The State has responded [DE 164], and the matter is ripe for ruling. For the following reasons, defendant's motion is GRANTED.

## BACKGROUND

The State filed suit against Alcoa in Wake County Superior Court on August 3, 2013, seeking a declaratory judgment that it owns the Relevant Segment of the Yadkin River. Alcoa removed the case to federal court, after which the State filed a motion to remand. The Court denied the State's motion for remand in November 2013, and the parties filed cross-motions for summary judgment. In November 2014, the Court denied Alcoa's motion for summary judgment and denied in part and granted in part the State's motion for partial summary judgment. Following the pre-trial conference, the Court issued an order bifurcating trial in order to address issues of the navigability of the Relevant Segment prior to issues of title. [DW 149]. The bench trial is scheduled to begin on April 21, 2015. On April 8, 2015, Alcoa filed the instant motion requesting that the Court clarify which party bears the burden of proof on navigability.

## DISCUSSION

As the Court noted in its order denying North Carolina's motion for remand, "[q]uestions of navigability for determining state riverbed title are governed by federal law." *PPL Montana, LLC v. Montana*, 132 S.Ct. 1215, 1227 (2012). Federal case law makes it clear that "the burden of proving navigability is on the party asserting it." *Iowa-Wis. Bridge Co. v. United States*, 84 F.Supp. 852, 867 (Ct. Cl. 1949), *cert. denied*, 339 U.S 982 (1950); *see also State of N.D., ex rel. Bd. of Univ. & Sch. Lands v. United States*, 972 F.2d 235, 238 (8th Cir. 1992); *Mundy v. United States*, 207 Cl. Ct. 33, 35 (1990); 78 Am. Jur. 2d Waters § 149 ("The question of the navigability of a stream or body of water is one of fact, and the burden of proof is on the party asserting navigability."). North Carolina raised the issue of navigability in its complaint.

As Alcoa points out, this interpretation tracks the case law, which describes the standard for proving navigability rather than the standard for proving non-navigability. *The Daniel Ball*, 10 Wall. 557 (1871) ("Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their [natural and] ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water."). Moreover, navigability is a question of fact, *Loving v. Alexander*, 745 F.2d 861, 865 (4th Cir. 1984), and "[t]he burden of proof rests upon the party who as determined by the pleadings or the nature of the case, asserts the affirmative of the issue," *United Services Life Ins. Co. v. Moss*, 303 F.Supp. 72, 75 (W.D. Va. 1969). *See also Harrison v. Fite*, 148 F.781, 785 (8th Cir. 1906) ("[Navigability], being a question of fact, is to be determined by the evidence produced, and in such case the burden of proof rests upon him who asserts the existence of the public servitude."). Here, that party is North Carolina. Because North Carolina raised the issue of navigability, which

2

is an issue of fact, it bears the burden of proving navigability at trial, and Alcoa's motion is granted.

The State argues that the burden of proof now rests with Alcoa to show valid title because the Court's November 2014, order granted the State prima facie title under N.C. Gen. Stat. § 146–79. The Court's order, however, limited the ruling on the prima facie case to the title inquiry and specifically noted that the ruling did not impact the issue of navigability. [DE 142 at 8–9]. This should come as no surprise, as § 146–79 does not mention navigability. There are numerous avenues available to Alcoa to prove ownership, of which the title inquiry involving § 146–79 is merely one. Accordingly, the State's argument that Alcoa must prove the river was non-navigable at statehood in order to demonstrate ownership of the Relevant Segment fails, and North Carolina's reliance on the Court's order is misplaced.

## CONCLUSION

For the foregoing reasons, Alcoa's motion [DE 162] is GRANTED. The State of North Carolina, as the party asserting the navigability of the Relevant Segment, bears the burden of proof on navigability.

SO ORDERED, this __14__ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:13-cv-00633-BO   Document 173   Filed 04/15/15   Page 3 of 3