IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-633-BO

| | |
|---|---|
| STATE OF NORTH CAROLINA, by and through its agency, the NORTH CAROLINA DEPARTMENT OF ADMINISTRATION,<br>　　　　Plaintiff,<br><br>v.<br><br>ALCOA POWER GENERATING, INC.,<br>　　　　Defendant. | **ORDER** |

This matter comes before the Court on the State's motion to amend the Court's May 6, 2015 order. [DE 178]. Defendant Alcoa has responded in opposition to the State's motion. [DE 179]. For the following reasons, the State's motion is denied.

## DISCUSSION

On May 6, 2015, the Court issued an order making findings of fact and conclusions of law as to the navigability of the Relevant Segment of the Yadkin River (the Navigability Order). [DE 173]. The State requests that the Court either denominate the Navigability Order as a final order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1291, or add certification statements that would allow the State to pursue a permissive interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Rule 54(b) allows for entry of a partial final judgment as to one or more, but fewer than all of the "claims for relief" in a case where there are multiple claims or parties. Fed. R. Civ. P. 54(b); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976) (finding that Rule 54(b) is "limited expressly to multiple claims actions in which one or more but less than all of the multiple claims have been finally decided and are found otherwise to be ready for appeal")

(internal quotation marks omitted). To be afforded relief under Rule 54(b), plaintiff must establish first that the order appealed from disposes of a single claim, and second, that there is no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 11–12 (1980). Rule 54(b) determinations allowing immediate appeal are the exception rather than the rule. *Curtiss-Wright*, 446 U.S. at 10; *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Multiple claims exist under 54(b) where each claim is factually separate and independent. *Curtiss-Wright*, 446 U.S. at 6. Other circuits have held that Rule 54(b) applies only to an appeal of an individual claim, not issues or legal theories within a single claim. *See, e.g., Weigel v. Broad*, 544 F.3d 1143, 1151 n.3 (10th Cir. 2008); *RePass v. Vreeland*, 357 F.2d 801, 805 (3d Cir. 1966); *CMAX, Inc. v. Drewry Photocolor Corp*, 295 F.2d 695, 697 (9th Cir. 1961). Here, the State's entire case arises out of the same set of facts, it has brought one claim, and it seeks one result. Navigability is simply a legal issue affecting determination of title. As such, the case involves only a single claim, and the Navigability Order is not an appealable final decision within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure.

Moreover, under 28 U.S.C. § 1291, which allows for appeal of a final judgment, a "'final' judgment is one that 'ends litigation on the merits and leaves nothing for the Court to do but execute judgment.'" *United States v. Breeden*, 366 F.3d 369, 371 (4th Cir. 2004) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). There is a narrow class of collateral orders that "do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal citation and quotation omitted). In order to be subject to immediate appeal, a ruling "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal

2

from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468. "[A]ppeal is precluded from any decision which is tentative, informal, or incomplete, as well as from any fully consummated decisions which are but steps toward a final judgment into which they will merge . . . ." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993) (internal citation and quotation omitted). The Navigability Order is a step toward a final judgment and is reviewable on appeal. Appeal under § 1291, therefore, is inappropriate.

The Court also does not find that the Navigability Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" such that it is immediately appealable pursuant to § 1292(b). The Supreme Court directly addressed the question of whether federal law controls questions of navigability for title in *PPL Montana v. Montana*, 132 S. Ct. 1215, 1227 (2012), and whether this Court correctly applied federal navigability law to this case is not a controlling question of law. Moreover, the Court concluded that questions of navigability for determining state riverbed title are governed by federal law in its order denying remand on November 27, 2013, rather than in the Navigability Order. [DE 34]. As such, an interlocutory appeal under § 1292(b) is unwarranted.

## CONCLUSION

For the foregoing reasons, the State's motion to amend the May 6, 2015, order is denied.

SO ORDERED, this __18__ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3