IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-633-BO

STATE OF NORTH CAROLINA, by and )
through its agency, the NORTH )
CAROLINA DEPARTMENT OF )
ADMINISTRATION, )
    Plaintiff, )
)       **O R D E R**
v. )
)
ALCOA POWER GENERATING, INC., )
    Defendant. )

This matter comes before the Court on the State's motion to reconsider the Court's November 27, 2013 order or certify it as an appealable order [DE 195], motion to extend time to respond to Alcoa's second motion for summary judgment [DE 199], and motion to amend the motion for extension of time [DE 201]. Defendant Alcoa has responded in opposition to all motions. [DE 197, 200, 202]. For the following reasons, the State's motion to reconsider/certify and motion for extension of time are denied and the motion to amend is granted.

DISCUSSION

On November 27, 2013, the Court denied the State's motion to remand this case to state court, concluding that whether the Relevant Segment of the Yadkin River is navigable for title purposes is a question of federal law. [DE 34]. On May 18, 2015, the Court denied the State's motion to certify an appeal of the Court's May 6, 2015, order concluding that the Relevant Segment was not navigable in fact at the time of statehood. [DE 182]. In denying the motion to certify appeal, the Court again reiterated that the Supreme Court's decision in *PPL Montana v. Montana*, 132 S.Ct. 1215, 1227 (2012), held that federal law controls the question of navigability for title.

The State's current motion to reconsider or certify an appeal of the November 2013, order denying remand comes 18 months after the order with no explanation for the delay. It was abundantly clear in the order denying remand that the Court intended to apply federal law to the question of navigability. The instant motion merely reiterates the arguments regarding application of state law to questions of navigability for title made in the State's motion to remand and the summary judgment briefing. It advances no new arguments, and accordingly, it is denied. As the Court has repeatedly held, following the Supreme Court's decision in *PPL Montana*, it is clear that navigability for title is a question of federal law.

Moreover, the Court has already concluded that there is not a substantial ground for difference of opinion as to whether the question of navigability for title is controlled by federal law. [DE 182 at 3]. Accordingly, the State fails to satisfy the requirements of 28 U.S.C. § 1292(b) for interlocutory appeal, and its motion for such is denied. The motion to stay is denied as moot.

The Court grants plaintiff's motion to amend, allowing the State to amend the motion for extension of time [DE 201], but denies the motion for extension of time [DE 199]. The State asks the Court to extend its response time until the Court rules on plaintiff's motion to reconsider. The deadline for responding to a motion is 21 days after service. *See* Local Civil Rule 7.1(e)(1), EDNC. Alcoa filed its second summary judgment motion on May 22, 2015. [DE 183]. As the State notes in its motion to amend, when it filed the original motion for extension of time on June 16, 2015, its response deadline had already expired. Nevertheless, the State apparently did not notice that it already was untimely, because it was only after Alcoa's response noting that the State was untimely [DE 200] that the State filed the motion to amend.

2

Case 5:13-cv-00633-BO Document 203 Filed 06/23/15 Page 2 of 3

A party seeking an extension of time must show good cause. *See* Local Civil Rule 6.1, EDNC. The State knew on April 22, 2015, the last day of trial, that Alcoa would be filing a motion for summary judgment based on the Marketable Title Act and adverse possession. [DE 181 at 179]. Despite being on notice, the State has given absolutely no explanation whatsoever for its failure to abide by the response deadline. In fact, the State does not even try to argue that it has demonstrated good cause. The Court finds the State's position inexcusable, particularly given that plaintiff is a government with virtually limitless resources. Where the State seeks to use the court system to further its own agenda, it should at least be able to follow the rules promulgated by that court. Accordingly, the Court finds that plaintiff has not shown good cause and the motion for extension of time is denied.

The State may file whatever response it wishes, but the response will be untimely, and the Court will give it only such consideration as it deems the response due.

## CONCLUSION

For the foregoing reasons, the State's motion to reconsider and for certificate of appealability are DENIED, and the attached motion to stay is DENIED AS MOOT. [DE 195]. The State's motion to amend is GRANTED [DE 201] and the motion for extension of time [DE 199] is DENIED. Plaintiff may file a response if it wishes to do so, but the Court will only give it such consideration as it deems the response is due.

SO ORDERED, this 23 day of June, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:13-cv-00633-BO Document 203 Filed 06/23/15 Page 3 of 3